[No. 34277. Department One. April 3, 1958.]

EUGENE JERRY MITCHELL, *Appellant*, v. L. G. WINGARD, *Respondent*.[1]

*Lee Edwards, Eleanor Edwards*, and *George H. Bovingdon*, for appellant.

*Bogle, Bogle & Gates* and *Robert V. Holland*, for respondent.

MALLERY, J.—Plaintiff brought this action under the Jones act, 46 U. S. C. A. 277, § 688, to recover for injuries suffered in the course of his employment as a seaman on the defendant's fishing scow. The court dismissed the cause at the close of plaintiff's case upon the defendant's challenge to the sufficiency of plaintiff's evidence. The plaintiff appeals.

At the end of the fishing season, the respondent had assembled its three fishing scows in the Naknek river, Alaska.

[1] Reported in 323 P. (2d) 908.

Although some work remained to be done, the crews had been paid off, with the exception of appellant, John Schriner, and Captain Hallett, who were to be retained in respondent's employ. The operation in which the injury occurred was the transfer of all of the tarpaulins from the scows "Manatee" and "Ugashik I" to the scow "Ugashik II". Because Captain Hallett of the scow "Ugashik II" was drunk and abusive, the crew members who had been paid off left the boat without assisting in the transfer of the tarpaulins, which weighed from one hundred to four hundred pounds each.

Schriner was put in charge of the operation by his captain, Clifford Holifer, who had instructed him to be mate, and, in the captain's absence, to be temporary captain.

Notwithstanding the departure of the crew, Schriner and the appellant undertook the transfer of the tarpaulins. This operation was being performed by using two planks pivoted on the five-foot-high gunwale of the scow so that the outer ends extended far enough over the side to reach the gunwale of the scow alongside, and the inner ends rested on the deck. The tarpaulins would be slid or rolled up the planks from the inner ends until it was possible, by lifting the planks from that end, to slide the tarpaulins down the planks onto the other scow. This operation had proceeded with several lighter tarpaulins and one heavy one when the four-hundred-pound tarpaulin in question was placed on the planks. When it had been moved up to the pivot point on the planks, Schriner lost his hold on the tarpaulin, with the result that it fell on appellant's shoulder as he started back to lift the inner ends of the planks. Appellant's shoulder was dislocated, and, at the time of the trial, the injury had been ascertained to be permanent.

The appellant, among other allegations, alleged as negligence on the part of respondent its failure to furnish sufficient men to safely carry out the transfer of the tarpaulins.

The court, in dismissing the action, took the position that, while the labor force was inadequate, respondent had originally furnished enough men, and there was nothing to put

it upon notice that Captain Hallett might become intoxicated and drive the men off, or that the two men would continue the work after the labor force became inadequate. Thus, the trial court concluded that respondent was unaware of any peril, and, hence, was not negligent.

With this position, we do not agree. Schriner was in charge of the respondent's operation, and the agent's notice of the situation is notice of the principal. *Stevens v. R. O'Brien & Co.*, 62 F. (2d) 632.

The question of whether or not the operation was perilous for two men and, hence, negligence on the part of the respondent, is for the jury to decide. *Ferguson v. Moore-McCormack Lines*, 352 U. S. 521, 1 L. Ed. (2d) 511, 77 S. Ct. 457.

The respondent contends that the marine situation in question is beyond the ken of ordinary landsmen, and that the appellant's failure to show any custom regarding such operations or to produce expert testimony upon the question of the number of men needed constitutes a failure of proof.

We do not agree. While this operation occurred on a fishing scow, it was not so typically marine in nature as to put the mechanics of the operation and the capacity of the workmen engaged therein beyond the understanding of ordinary men, and thus require expert opinion evidence.

The trial court should not have said, as a matter of law, that there was no negligence shown such as is cognizable by a jury without the aid of expert opinion evidence.

The order of dismissal is reversed, and the cause remanded for a new trial.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.